In re MARINE CONSTRUCTION ANTITRUST LITIGATION.

No. 417.

Judicial Panel on Multidistrict Litigation.

April 10, 1980.

OPINION AND ORDER

PER CURIAM.

This litigation consists of 66 actions pending in four federal districts: 49 in the Southern District of Texas; nine in the Eastern District of Louisiana; seven in the Northern District of Illinois; and one in the Southern District of New York.

The 66 actions were spawned by the indictment of J. Ray McDermott and Co., Inc. (McDermott); four of its executive officers; Brown and Root, Inc. (Brown and Root); and two of its executive officers. The indictment was filed on December 14, 1978, by a federal grand jury sitting in New Orleans, Louisiana, and charges defendants with violating the federal antitrust laws by conspiring to fix prices and to eliminate competition in the marine construction industry.

Each of the 66 complaints, all but two of which were filed during December, 1979, names as defendants both McDermott and Brown and Root. In addition, about one-third of the complaints name as defendants Halliburton Company (Halliburton), Brown and Root's parent corporation; and/or Oceanic Contractors, Inc. (Oceanic), a subsidiary of McDermott. Two actions also name certain of defendants' executive officers.

All of the actions before the Panel are based on virtually identical factual and le-

* Judge Caffrey took no part in the decision of this matter.

gal allegations that track those contained in the Government's indictment. Basically, all plaintiffs allege that since at least as early as 1960, the defendants and various named and unnamed co-conspirators have conspired, in violation of Sections 1 and 2 of the Sherman Act, to suppress and eliminate competition in the marine construction industry, and to fix, maintain and establish prices for marine construction services at artificial and non-competitive levels. Each complaint also alleges that the conspiracy was fraudulently concealed. About two-thirds of the complaints contain an allegation that defendants violated a state deceptive practices statute. Plaintiffs in each action seek treble damages, and in about two-thirds of the actions the plaintiffs also seek injunctive relief.

Presently before the Panel are two motions and a cross-motion to centralize all actions in this litigation in a single district pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings. All responding parties agree on the propriety of, or do not oppose, transfer. These parties agree that the 66 actions raise common factual questions because of the virtually identical antitrust allegations of the 66 complaints. These parties further agree that transfer under Section 1407 is necessary in order to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings and conserve judicial resources. The only dispute concerns the selection of the transferee district. McDermott, Oceanic, and four executive officers of McDermott and Oceanic favor centralization in the Eastern District of Louisiana; plaintiffs in the 49 actions pending in the Southern District of Texas, plaintiffs in three of the nine actions pending in Louisiana, and defendants Brown and Root and Halliburton favor centralization in the Southern District of Texas; plaintiffs in the seven actions pending in the Northern District of Illinois favor centralization in that district, or alternatively the Illinois plaintiffs favor centralization in the Southern District of Texas. Plaintiffs in the New York action consider the Southern District of New York to be an appropriate

forum for their actions, but the New York plaintiffs nevertheless favor the Southern District of Texas as the transferee district for centralized pretrial proceedings under Section 1407.

We find that the 66 actions involve common questions of fact and that transfer of the actions pending in districts other than the Eastern District of Louisiana to that district for centralized pretrial proceedings with the actions pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Those parties favoring the Southern District of Texas as the transferee district support that district because: (1) 49 of the 66 actions are pending in the Southern District of Texas; (2) the majority of the parties to the litigation favor the Southern District of Texas; and (3) Brown and Root, as well as many of the plaintiffs, have their principal places of business in Houston. These parties discount the importance of the fact that the relevant grand jury proceedings occurred in the Eastern District of Louisiana by pointing out that McDermott and Brown and Root have demonstrated a willingness to make copies of at least some of the documents submitted by them to the grand jury available to plaintiffs.

The plaintiffs in the Illinois actions favor centralization in the Northern District of Illinois on the grounds that: (1) docket congestion is less in the Northern District of Illinois than in either the Southern District of Texas or the Eastern District of Louisiana and therefore the actions could proceed most expeditiously in the Northern District of Illinois; (2) Chicago is centrally located and therefore convenient for a litigation that is nationwide in scope; and (3) both Brown and Root and McDermott have offices in the Chicago area.

Although we are of the view that either the Southern District of Texas or the Eastern District of Louisiana could be described as an appropriate transferee forum for this litigation, on balance we conclude that the Eastern District of Louisiana is preferable.

Because one of the two principal defendants has its principal place of business in each of these two districts, many relevant documents and witnesses will likely be located in both jurisdictions. The fact that the relevant grand jury proceedings occurred in the Eastern District of Louisiana, however, tips the scales in favor of that forum under the circumstances in this litigation.

The documents and transcripts of the testimony on which the grand jury relied in returning its indictment and which have been sought by the private litigants are located in the Eastern District of Louisiana. *See In re Hawaiian Hotel Room Rate Antitrust Litigation*, 438 F.Supp. 935, 936 (Jud. Pan.Mult.Lit.1977). Furthermore, the United States Supreme Court, in *Douglas Oil Company v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), has required, with respect to access to grand jury materials in related private antitrust actions, coordination between the court presiding over the grand jury proceedings and the court presiding over the private antitrust actions. This coordination can more easily be accomplished by selecting as transferee district the same district in which the grand jury sat and returned an indictment against the principal defendants. *See In re California Armored Car Antitrust Litigation*, 476 F.Supp. 452, 454 (Jud.Pan. Mult.Lit.1979).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A and pending in districts other than the Eastern District of Louisiana be, and the same hereby are, transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Jack M. Gordon for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### Schedule A

### Northern District of Illinois

*Natural Gas Pipeline Co. of America, Inc. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79C2668

*Napeco, Inc. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79C5236

*Kerr-McGee Corp. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79C5242

*Michigan Wisconsin Pipe Line Co. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79C5249

*American Natural Gas Production Co. v. J. Ray McDermott Co., Inc., et al.*, C.A. No. 79C5250

*Santa Fe Energy Co., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79C5267

*Felmont Oil Corp., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79C5268

### Eastern District of Louisiana

*Columbia Gas Development Corp., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79–4986–G(4)

*Consolidated Gas Supply Corp. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79–5005–A(5)

*CNG Producing Co. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79–5006–C(3)

*Forest Oil Corp., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79–5008–J(4)(5)

*Mobil Oil Corp., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79–5021–G(2)

*Ocean Drilling & Exploration Co., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79–5026–M(5)

*Koch Industries, Inc. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79–5029–K(4)(3)

*Newmont Oil Co. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79–5030–G(4)

*Columbia Gulf Transmission Co. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79–4985–I(2)

### Southern District of New York

*Texaco Inc., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79 Civ 6764

### Southern District of Texas

*Tenneco Inc., etc. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. 79–H–1329

*Tenneco Oil Co., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2497

*Crystal Oil Co., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2498

*Pan Eastern Exploration Co., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2499

*Texas Eastern Transmission Corp., et al. v. J. Ray McDermott & Co., et al.*, C.A. No. H–79–2500

*Trunkline Gas Co. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2501

*Stingray Pipeline Co., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2502

*Southern Natural Gas Co., et al. v. J. Ray McDermott & Co., et al.*, C.A. No. H–79–2503

*Clark Oil Producing Co. v. Brown & Root, Inc., et al.*, C.A. No. H–79–2504

*Wintershall Oil & Gas Co. v. J. Ray McDermott Co., Inc., et al.*, C.A. No. H–79–2506

*American Petrofina Co. of Texas, et al. v. J. Ray McDermott Co., et al.*, C.A. No. H–79–2507

*Phillips Petroleum Co., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2508

*Clam Petroleum Co. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2510

*Cities Service Co., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2511

*Norsk Hydro a. s., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2514

*Allied Chemical Corp. v. Brown & Root, Inc., et al.*, C.A. No. H–79–2515

*Conoco Inc. v. Halliburton Co., et al.*, C.A. No. H–79–2516

*Exxon Corp., et al. v. Brown & Root, Inc., et al.*, C.A. No. H–79–2517

*General American Oil Co. of Texas v. Brown & Root, Inc., et al.*, C.A. No. H–79–2518

*Pennzoil Producing Co., et al. v. Brown & Root, Inc., et al.*, C.A. No. H–79–2519

*Transcontinental Gas Pipe Line Corp. v. Brown & Root, Inc., et al.*, C.A. No. H–79–2520

*United Gas Pipe Line Co., Inc., et al. v. Halliburton Co., et al.*, C.A. No. H–79–2521

*The Northwestern Mutual Life Insurance Co. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2523

*High Island Offshore System, et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2524

*Hamilton Brothers Oil Co., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2525

*Texas Gas Transmission Corp., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2526

*U–T Offshore System, et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2527

*Gulf Oil Corp., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2528

*Freeport Minerals Co., etc. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2529

*Terra Resources, Inc., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2530

*Energy Reserves Group, Inc., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2531

*Tesoro Petroleum Corp., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2532

*Aminoil International, Inc., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2533

*Vallero Energy Corp., et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2534

*El Paso Natural Gas Co. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2535

*Union Oil Co. of California, et al. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2536

*Amax Petroleum Corp. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2538

*OKC Corp. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2539

*Home Petroleum Corp. v. J. Ray McDermott & Co., Inc., et al.*, C.A. No. H–79–2540

*Getty Oil Co., et al. v. J. Ray McDermott & Co., Inc., et al.,* C.A. No. H–79–2541

*H. W. Bass & Sons, Inc. v. J. Ray McDermott & Co., Inc., et al.,* C.A. No. H–79–2542

*The Louisiana Land and Exploration Co., et al. v. J. Ray McDermott & Co., Inc., et al.,* C.A. No. H–79–2543

*The Dow Chemical Co., et al. v. Brown & Root, Inc., et al.,* C.A. No. H–79–2546

*Shell Oil Co., et al. v. Brown & Root, Inc., et al.,* C.A. No. H–79–2547

*Ashland Oil Inc., et al. v. Brown & Root, Inc., et al.,* C.A. No. H–79–2548

*The Superior Oil Co., et al. v. Brown & Root, Inc., et al.,* C.A. No. H–79–2553

*J. S. Abercrombie Mineral Co. v. J. Ray McDermott & Co., Inc., et al.,* C.A. No. H–79–2554

*Arabian American Oil Co., et al. v. Brown & Root, Inc., et al.,* C.A. No. H–79–2559

*Southland Royalty Co. v. J. Ray McDermott & Co., Inc., et al.,* C.A. No. 79–2572